Appeal of **FREDERICK WARNE & COMPANY, LTD.**     **Docket No. 2353.**

A foreign corporation is subject to assessment under the provisions of section 328 of the Revenue Act of 1918.

Submitted April 16, 1925; decided May 5, 1925.

*Arthur J. Seaton, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and GREEN.

This appeal involves the single question of whether a foreign corporation is entitled to have its tax determined for the year 1919 under the provisions of section 302 of the Revenue Act of 1918 without reference to section 327 of that Act. The taxpayer did not appear at the hearing. From the allegations of the petition admitted by the Commissioner the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a foreign corporation having a place of business at 26 East 22nd Street, New York, N. Y. The deficiency letter from which this appeal is taken was mailed to the taxpayer January 5, 1925, and sets forth a deficiency of $271.31 profits tax for the calendar year 1919.

### DECISION.

The deficiency determined by the Commissioner is allowed.

### OPINION.

GRAUPNER: The taxpayer contends that it is entitled to the deduction from net income of $3,000 allowed under section 302 of the Revenue Act of 1918. This contention is made on the theory that it falls within the phrase "every corporation" in section 301 (a) of the Act, no distinction being made between domestic and foreign corporations by this section.

Section 327 of the Revenue Act of 1918 provides in part—

That in the following cases the tax shall be determined as provided in section 328:

\*     \*     \*     \*     \*     \*     \*

(b) In the case of a foreign corporation.

Section 328 (a) provides in part—

In the case of a foreign corporation the tax shall be computed without deducting the specific exemption of $3,000 \* \* \*.

The tax was computed by the Commissioner under the provisions of section 328, without allowing the deduction of $3,000 here claimed.

Section 328 clearly defines the method which the Commissioner shall use in computing the tax liability of a foreign corporation, and we must hold that the Commissioner was correct in applying this section to the case of this taxpayer.